KEITH E. SHARKIN
KSHARKIN@GRSM.COM
DIRECT DIAL: 973-549-2521



ATTORNEYS AT LAW
18 COLUMBIA TURNPIKE, SUITE 220
FLORHAM PARK, NJ 07932
WWW.GRSM.COM

February 15, 2022

**Via ECF**
Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re:**    **Ruben Rojas, Inc., et al. v. ooShirts, Inc. d/b/a Teechip, et al.**
             Case No. 1:21-cv-07919-MKV
             Defendants' Request for Pre-Motion Conference to File Motion to Dismiss

Dear Judge Vyskocil:

We represent Defendants ooShirts, Inc. d/b/a Teechip, ooShirts Exports Inc., Little Raymond's Print Shop Inc., Little Raymond's Exports Inc., Chip, Inc., and Raymond Lei (collectively "Defendants") in the above-entitled action. We write pursuant to Section 4.A.i. of your Honor's Individual Rules of Practice in Civil Cases to respectfully request a pre-motion conference to file a motion to dismiss Plaintiffs Ruben Rojas, Inc. and Ruben Rojas' ("Plaintiffs") Complaint (Dkt. No. 1). This motion is not on consent.

By this action commenced on September 23, 2021, Plaintiffs allege various copyright and trademark infringement claims relating to Defendants' website, which operates as an online print-on-demand marketplace that offers products utilizing third party user-generated or user-provided content. Specifically, Plaintiffs assert four causes of action for (1) Direct Federal Copyright Infringement, (2) Direct Trademark Counterfeiting, (3) Direct Infringement of Registered Trademarks, and (4) False Designation of Origin and Unfair Competition against the six Defendants and the additional unnamed "John Doe" defendant.

## I.    The Complaint Fails to Establish Personal Jurisdiction and Venue (Rules 12(b)(2)-(3))

Plaintiffs contend that personal jurisdiction exists over Defendants because "upon information and belief," Defendants regularly conduct, transact and/or solicit business, supply goods and services, derive substantial revenue in New York and in this district. (Complaint, ¶ 4.) Both Plaintiffs reside in California. (Complaint, ¶¶ 5-6.) All six Defendants are also residents of California[1]. (Complaint, ¶¶ 7-12.)

---

[1] The Complaint incorrectly identified Defendant Chip, Inc. as an Indiana corporation with principal place of business in Indiana. (Complaint, ¶ 11.) Defendant Chip, Inc. is a dba of Defendant ooShirts, Inc. and is based in California.

Honorable Mary Kay Vyskocil
February 15, 2022
Page 2

Plaintiff has the burden of establishing jurisdiction over Defendants. *Brandt v. Toraby*, 273 A.D. 2d 429, 430 (2d Dep't 2000). In determining whether this Court can exercise personal jurisdiction, it must first determine whether New York's long-arm statute, CPLR § 302, confers jurisdiction over each Defendant. *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004). If the statutory requirements are satisfied, the Court must consider whether the exercise of personal jurisdiction comports with the Due Process Clause. *Id*. As would be more fully set forth in Defendants' Motion to Dismiss, none of the Defendants have sufficient presence in New York to justify the Court having jurisdiction over them. Besides the bare conclusory allegations based upon information and belief, Plaintiffs fail to establish that Defendants have sufficient contacts with New York as contemplated by the New York long–arm statute, sufficient to warrant the exercise of personal jurisdiction over Defendants in New York.

CPLR § 302(a)(1) does not confer jurisdiction over Defendants because Plaintiffs' action is based upon the alleged infringement of Plaintiffs' intellectual property by out of state residents; not from business transactions in New York. Since there is no substantial nexus to New York, the exercise of jurisdiction over Defendants here would violate traditional notions of fair play and substantial justice.

For the same reasons as it fails to establish personal jurisdiction, the Complaint also fails to establish that venue is proper is this Court, warranting its dismissal under Rule 12(b)(3).

## II.     The Complaint Fails Under the *Forum Non Conveniens* Doctrine

The Complaint is also subject to dismissal under the *forum non conveniens* doctrine because it is "in the interest of substantial justice [that] the action should be heard in another forum." CPLR. § 327. This action should be adjudicated in the State of California, where both Plaintiffs and all Defendants reside. Here, the parties' witnesses and the documentary evidence would be located in California. As would be discussed more fully in Defendants' Motion to Dismiss, the private and the public interest factors weigh in favor of dismissing this action upon the ground of *forum non conveniens*.

## III.    The Complaint Fails to State a Claim Upon Which Relief May Be Granted (Rule 12(b)(6))

(a)     Plaintiffs' Group Pleading Against All Defendants is Impermissible

With respect to the substantive claims, the Complaint fails to state a claim because it engages in improper "group pleading" against Defendants, which "fail[s] to give adequate notice to these defendants as to what they did wrong." *Medina v. Bauer*, No. 02 CIV. 8837(DC), 2004 WL 136636 *6 (S.D.N.Y. Jan. 27, 2004). By framing their allegations against all six Defendants and the additional unnamed John Doe defendant generally rather than making specific allegations against each of them is fatal to each cause of action. It is unclear what role, if any, Plaintiffs are claiming against the seven defendants in connection with their claims. Courts in this District have rejected such allegations in dismissing complaints, including where defendants were corporate affiliates. *See Ochre LLC v. Rockwell Architecture Plan. & Design, P.C.*, No. 12 CIV. 2837 KBF, 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012) (dismissing copyright claim with prejudice because "failure to isolate the key allegations against each defendant supports dismissal under the standards set forth in *Twombly* and *Iqbal*"), aff'd, 530 F.App'x 19 (2d Cir. 2013); *see also Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d. Cir. 2001) (affirming district court's dismissal of complaint when it "lump[ed] all the defendants together in each claim

Honorable Mary Kay Vyskocil
February 15, 2022
Page 3

and provid[ed] no factual basis to distinguish their conduct"). Plaintiffs' group reference in lumping all six Defendants and the unnamed John Doe defendant together absent of *any* particularized allegations concerning any of the defendants warrant dismissal.

(b)    Plaintiffs Fail to State a Claim for Direct Federal Copyright Infringement

Plaintiffs' direct federal copyright infringement claim fails because the designs on Defendants websites were created and uploaded by third party users or artists. "To prevail on a claim of copyright infringement, the plaintiff must demonstrate both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109–10 (2d Cir. 2001). Plaintiffs cannot show that Defendants are responsible for the alleged infringement of Plaintiffs' asserted copyright.

(c)    Plaintiffs Fail to State a Claim for Direct Trademark Counterfeiting and Direct Infringement of Registered Trademarks

Plaintiffs' second and third causes of action fail because they do not own a registration for the mark that was allegedly infringed by Defendants ("YOU CAN'T QUARANTINE LOVE"), which is a requirement under the Lanham Act. The Complaint references "Rojas Marks" to several pending trademark applications collectively (Complaint, ¶ 20), but such reference does not include registration by the mark at issue. Further, Plaintiffs' claim of ownership of two trademark registrations for different marks (Complaint, Ex. B) fails to identify whether these trademarks have been infringed by Defendants. For Plaintiffs to prevail on their direct trademark counterfeiting and infringement claims under the Lanham Act, they must own a valid trademark registration and show that the Defendants' use of the mark is likely to cause confusion as to the source or origin of the defendants' goods. *See 1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406 (2d Cir. 2005). Since Plaintiffs do not own a registration for the mark at issue, the second and third causes of action should be dismissed.

(d)    Plaintiffs Fail to State a Claim for False Designation of Origin and Unfair Competition

For the reasons as set forth above, Plaintiffs' fourth cause of action for false designation of origin and unfair competition should be dismissed. In order to prevail on a claim for false designation of origin and unfair competition under the Lanham Act, Plaintiffs must demonstrate essentially the same elements as are required for an infringement claim, namely (1) that it owns a protectable trademark; (2) that Defendants used the mark in commerce without consent; and (3) that the use of the mark is likely to confuse consumers as to the source or sponsorship of the product. *See 1-800 Contacts*, 414 F.3d at 407. Based on Plaintiffs' failure to identify the marks at issue, this claim should be dismissed.

For these reasons, which would be set forth in more detail in the motion to dismiss, Defendants respectfully request a pre-motion conference to file a motion to dismiss Plaintiffs' Complaint.

Respectfully submitted,

*/s/ Keith E. Sharkin*

Keith E. Sharkin

Cc: Counsel of Record (via *Electronic Filing*)

1249451/64263113v.1